J-S50026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT ARTHUR BROZIK | : | |
| | : | |
| Appellant | : | No. 318 WDA 2019 |

Appeal from the PCRA Order Entered February 13, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001106-2016

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED OCTOBER 4, 2019**

Scott Arthur Brozik (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the pertinent facts and procedural history:

[Appellant] admitted that on September 3, 2015, he invited the victim, who was a runaway, into his residence, removed her clothing and then performed oral sex on her. On that date, [Appellant] was [49] years of age and the victim was [15] years of age. A DNA sample was taken from the victim and was determined to match the DNA of Appellant.

On September 12, 2017, at the time of his plea, Appellant executed a written colloquy [that] informed him that his plea to Statutory Sexual Assault, Indecent Assault, and Corruption of Minor subjected him to a lifetime registration requirement. Appellant was sentenced to a term of incarceration of three years six months to seven years at the felony one charge of Statutory Sexual Assault[,] which is a Tier III charge under SORNA and

_____

[*] Retired Senior Judge assigned to the Superior Court.

requires lifetime registration. 42 Pa.C.S.[A.] § 9799.15. No direct appeal was filed in this case.

PCRA Court Opinion, 3/13/19, at 1-2 (unnumbered).

On August 7, 2018, Appellant filed a *pro se* PCRA petition. On September 21, 2018, following the appointment of counsel, Appellant filed an amended PCRA petition in which he challenged his lifetime registration requirement under the Pennsylvania Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. On February 13, 2019, after a hearing on Appellant's PCRA petition, the PCRA court denied relief. This timely appeal followed.[1]

On appeal, Appellant presents the following issue for review:

WHETHER APPELLANT SHOULD BE SUBJECT TO THE REPORTING REQUIREMENTS OF SEXUAL OFFENDER REGISTRATION AND NOTIFICATION ACT (SORNA)?

Appellant's Brief at 3.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

---

[1] Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

In his sole issue on appeal, Appellant argues that the PCRA court erred by failing to find that his sentence is illegal. Specifically, Appellant asserts that his sentence is illegal because the trial court determined that he was a Tier III sex offender and subject to lifetime registration under SORNA. Appellant contends that his lifetime registration requirement is illegal under our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212, 1213 (Pa. Super. 2017), **appeal granted**, 190 A.3d 581 (Pa. 2018).

In **Muniz**, our Supreme Court determined that SORNA's registration and reporting provisions are punitive and that retroactive application of SORNA's provisions violates the federal and state *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Id.** at 1193. Here, the trial court correctly determined that because Appellant committed the crime of statutory indecent assault, 18 Pa.C.S.A. § 3122.1(b), on September 3, 2015, Appellant was a Tier III sex offender under SORNA, with a lifetime registration requirement. **See** 42 Pa.C.S.A. §§ 9799.14(d)(3), 9799.15(a)(3); **see also** PCRA Court Opinion, at 1-2 (unnumbered). Because SORNA became effective on December 20, 2012, well before the date Appellant committed his crimes, the trial court did not retroactively apply SORNA's registration and reporting requirements to Appellant. Thus, **Muniz** affords Appellant no relief.

Appellant also cites **Butler**, where we addressed the constitutionality of Pennsylvania's procedural mechanism for designating individuals as sexually

violent predators (SVP). We acknowledged that "[i]n [**Apprendi v. New Jersey**, 530 U.S. 466 (2000) ], the Supreme Court of the United States held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Butler**, 173 A.3d at 1216 (quoting **Commonwealth v. Conaway**, 105 A.3d 755, 761 (Pa. Super. 2014)). We further recognized that in **Alleyne v. United States**, 570 U.S. 99 (2013), "the [Supreme Court] held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 1217 (quoting **Conaway**, **supra**).

Mindful of **Apprendi**, **Alleyne**, and **Muniz**, this Court in **Butler** held that Pennsylvania's statutory procedure for designating individuals as SVPs was unconstitutional. **Id.** at 1217-18. We reasoned:

> [O]ur Supreme Court's holding that registration requirements under SORNA constitute a form of criminal punishment is dispositive of the issue presented in this case. In other words, since our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under **Apprendi** and **Alleyne**, a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,]" 42 Pa.C.S.A. § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny. Accordingly, we are constrained

- 4 -

to hold that section 9799.24(e)(3) is unconstitutional and Appellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

*Id.* at 1217-18.

In this case, however, it is undisputed that the trial court did not find Appellant to be a SVP. Instead, the trial court correctly determined that Appellant was a Tier III sex offender under SORNA with a lifetime registration requirement. **See** 42 Pa.C.S.A. § 9799.14(d)(3), (8); **see also** PCRA Court Opinion, at 1-2 (unnumbered). **Butler** does not apply because it addressed the constitutionality of the procedures set forth in SORNA for designating individuals as SVPs. **See Butler**, 173 A.3d at 1216-18. **Butler** says nothing about the existing procedure for designating individuals as Tier III sex offenders who are subject to lifetime registration. **See id.** Indeed, Appellant cites no authority indicating that it is unconstitutional to designate an individual as a Tier III sex offender with a lifetime registration requirement, and we discern no basis for disturbing the PCRA court's denial of Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2019